# LAW OFFICES OF BARBARA J. LIPSHUTZ, PLLC
3671 HUDSON MANOR TERRACE, 7K
BRONX, NY 10463

914-260-7340                                                                 BarbaraJLipshutz@yahoo.com
                                                                                             LipshutzLawNYC@gmai.com

June 16, 2025

**VIA ECF**

The Honorable Margaret M. Garnett
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

      Re:    *Acoustilog, Inc., et al. v. Xperience Bar & Lounge, LLC, et al*
              *Index No. 25-CV-03721 (MMG) (S.D.N.Y.)*

Dear Judge Garnett:

      This firm represents Plaintiffs Acoustilog, Inc. and Alan Fierstein in the above-captioned matter. Pursuant to Your Honor's individual rules, we submit this letter motion respectfully requesting adjournment of the Initial Pre-Trial Conference, currently scheduled for 9:30 a.m. on June 24, 2025, along with the due date for the Civil Management Plan, currently due on June 17, 2025, on the grounds that although Defendant Xperience Bar & Lounge, LLC has been served, it has not yet entered an appearance in this case; and, further, that Plaintiffs have not yet been able to complete service on Defendant Ajay Sarin. This is the first adjournment requested. As neither Xperience nor Sarin have entered an appearance or otherwise been in contact with Plaintiffs, they have not been informed of or consented to this adjournment.

      This action was filed on May 5, 2025. Thereafter, Plaintiffs retained ABC Legal to serve defendants Xperience Bar & Lounge, LLC (hereinafter, "Xperience") and Ajay Sarin (hereinafter, "Sarin").

      According to ABC Legal's website, Xperience was served, through the New York Secretary of State, at 3:30 pm on May 23, 2025. However, as of 9:30 am on June 16, 2025, the Proof of Service is still pending signature. Xperience has not answered or otherwise responded to the Complaint, has not requested an extension of time in which to do so, and has not otherwise contacted Plaintiff's counsel with respect to this action.

      According to ABC Legal's website, multiple attempts at service have been made on Sarin. Annexed hereto is Proof of Non-Service on Sarin. Additionally, according to ABC Legal's website, another service attempt, not referenced in the Proof of Non-Service, was made on May 28 by process server Jhonny Pena. Mr. Pena notes, "I spoke with an individual who identified themselves as the resident and they stated subject resides but refused to respond. At the address I observed a package/mail

LAW OFFICES OF BARBARA J. LIPSHUTZ

The Honorable Margaret M. Garnett
June 16, 2025
Page 2 of 2

addressed to subject and a call/mail box listing subject. I spoke with a neighbor who says subject resides." Based on the foregoing, Plaintiffs intend to request that susbstituted service on Sarin be permitted.

Because Defendant Xperience has not yet responded to the Complaint or otherwise entered an appearance in this Action, and because service on Sarin is still pending, Plaintiff respectfully requests that the Initial Pre-Trial Conference, currently scheduled for 9:30 a.m. on June 24, 2025, along with the due date for the Civil Management Plan, currently due on June 17, 2025, be adjourned. Plaintiff requests that the Intial Pre-Trial Conference be re-scheduled for August 12, 2025, with the Civil Management Plan due on August 5, in order to permit Plaintiffs to request and complete alternative service.

Respectfully Submitted,

/s/ Barbara J. Lipshutz

Barbara J. Lipshutz
Attorney for Plaintiffs
LipshutzLawNYC@gmail.com

---

Application GRANTED IN PART. The Initial Pretrial Conference currently scheduled for June 24, 2025, shall be ADJOURNED to **August 12, 2025, at 9:30 a.m.** The conference shall be held in person in Courtroom 906 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York NY 10007. The parties' joint letter and proposed civil Case Management Plan shall be due no later than **August 5, 2025**.

Plaintiffs' request for leave to serve Defendant Sarin by alternative means is DENIED without prejudice to renewal. Plaintiffs have not exhausted all possible means of service of Defendant Sarin permitted under Rule 4(e) of the Federal Rules of Civil Procedure and NY CPLR § 308, including service at Defendant Sarin's actual place of business. The complaint in this action was filed on May 5, 2025, *see* Dkt. No. 1, so, under Rule 4(m), Plaintiffs have until **August 4, 2025** to complete service.

The Clerk of Court is respectfully directed to terminate Dkt. No. 12.

SO ORDERED. Date: 6/16/2025.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE